(No. 5319—

AMERICAN OIL COMPANY, A Maryland Corporation, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 17, 1967.*

C. E. ACCOLA, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; MORTON L. ZASLAVSKY, Assistant Attorney General, for Respondent.

Dove, J.

Claimant, American Oil Company, a Maryland Corporation, filed its complaint in the Court of Claims in which it seeks payment of the sum of $3,616.60 for materials furnished to the Department of Public Works and Buildings of the State of Illinois.

A written stipulation was entered into by claimant and respondent, which states as follows:

"That claimant, at the special instance and request of the Department of Public Works of the State of Illinois, had supplied gasoline, oils, greases, tires, tubes and services during the years of 1963, 1964, and 1965, in accordance with the invoices attached to the complaint, with the exception of the following items noted in the Report of the Division of Highways, heretofore filed with the Court of Claims in this matter:

Invoice No. 091609 in the amount of $48.09 has been paid, and copies of both sides of the warrant showing the endorsement of claimant are attached to the original Departmental Report creating a credit on amount claimed of $48.09.

Invoice No. 855 in the amount of $15.74 is a charge to the Division of Waterways, about which this Division has no information, creating a credit on amount claimed of $15.74.

A form numbered 3190 received as a claim of non-payment has recently been explained by claimant as a credit memorandum applicable to Invoice No. 24827 reducing the amount of the billing from $64.07 to $49.41, creating a credit on amount claimed of $14.66.

A delivery ticket in the amount of $52.71 was later reduced by Invoice No. 2037 to $42.91, creating a credit on amount claimed of $9.80.

Invoice No. T-1434 was billed at $54.00 plus a $12.00 drum deposit. The Division of Highways does not pay drum deposits, therefore, creating a credit on amount claimed of $12.00. That the total credit thus set forth is $100.29.

"That there is rightfully due claimant the sum of $3,516.31.

"That the bills were not presented, scheduled and processed until after September 30, 1965, when the 73rd biennium appropriations had lapsed.

"That no assignment or transfer of the claim has been made.

"That upon the foregoing agreed case filed herein, the Court shall decide thereon, or enter judgment therein according to the rights of the parties in the same manner as if the facts aforesaid were proved upon the trial of said issue."

This Court has repeatedly held that, where a contract has been (1) properly entered into; (2) services satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; (4) adequate funds were available at the time the contracts were entered into; and, (5) the appropriation for the biennium from which such claim could have been paid had lapsed, it would enter an award for the amount due. *St. Mary's Hospital, Decatur, of the Hospital Sisters of the Third Order of St. Francis, an Illinois Corporation,* vs. *State of Illinois,* Case No. 5261, opinion filed February 24, 1966. It appears that all qualifications for an award have been met in the instant case.

Claimant, American Oil Company, is, therefore, hereby awarded the sum of $3,516.31.